FILED
SUPERIOR COURT
OF GUAM

2018 JAN 31 PM 1: 23

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0710-16 |
| vs. | DECISION AND ORDER |
| JAYSON FRANCISCO SONG, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 1, 2017, for continued Motion Hearing on the People of Guam's ("the Government") Motion in Limine Concerning Defense of Consent and Defendant Jayson Francisco Song's ("Defendant") Motion to Dismiss the Indictment. Defendant was present with counsel, Attorney Howard Trapp, and Assistant Deputy Attorney General James C. Collins was present on behalf of the Government. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On January 26, 2017, a Superseding Indictment was returned by a Grand Jury charging Defendant with the following offenses: (1) First Degree Criminal Sexual Conduct (As a First Degree Felony) – 4 Counts; (2) Second Degree Criminal Sexual Conduct (As a First Degree Felony); (3) Delivery of a Schedule II Controlled Substance (As a First Degree Felony) with Special Allegation of Delivery of a Controlled Substance to a Minor; (4) Possession of a

Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); and (5) Possession of a Schedule II Controlled Substance (As a Third Degree Felony). (Superseding Indictment, Jan. 26, 2017).

On July 10, 2017, the Government filed a Motion in Limine Concerning the Defense of Consent. On July 17, 2017, Defendant filed a Notice of Defense and Witness, indicating that Defendant intends to use the consent of the alleged victim as a defense to the charges of criminal sexual conduct. On July 17, 2017, Defendant also filed his Response to the Motion in Limine. On July 18, 2017, the Government filed its Reply.

On July 26, 2017, Defendant filed a Motion to Dismiss the Indictment.

On August 3, 2017, at a Further Proceedings Hearing, the Court heard brief arguments on the Motion in Limine, and continued the matter to August 30, 2017.

On August 7, 2017, the Government filed a Statement Concerning Defense Oral Response to Motion in Limine Concerning Defense of Consent.

On August 7, 2017, the Government also filed its Opposition to the Motion to Dismiss the Indictment. On August 10, 2017, Defendant filed his Reply.

After several continuances, the Court heard additional arguments on both motions on November 1, 2017, and subsequently placed both matters under advisement.

## DISCUSSION

### I. Defendant's Motion to Dismiss

The Court will first address Defendant's Motion to Dismiss, as it may moot the Government's Motion in Limine. Defendant moves the Court to dismiss the criminal sexual conduct charges in this matter because the Superseding Indictment is factually insufficient under 8 G.C.A. § 55.10(a). *See generally*, Mot. Dismiss, Jul. 26, 2017.

Title 8 G.C.A. section 55.10 provides in relevant part:

(a) The indictment or the information *shall be a plain, concise and definite written statement of the essential facts constituting the offense charged* and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count.

It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

8 G.C.A. § 55.10(a) (emphasis added). An indictment is sufficient if "it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *People v. Jones*, 2006 Guam 13 ¶ 12 (citation omitted). "[I]t is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.* (internal quotation marks and citation omitted). "An indictment which tracks the words of the statute charging the offense is sufficient as long as the words unambiguously set forth all the elements of the offense." *People v. Torres*, 2014 Guam 8 ¶ 20 (quoting *Jones*, 2006 Guam 13 ¶ 23).

Here, Defendant is charged with four counts of First Degree Criminal Sexual Conduct (As a First Degree Felony) and one count of Second Degree Criminal Sexual Conduct (As a First Degree Felony). These charges read in the Superseding Indictment as follows:

## FIRST CHARGE

### Count One

On or about the 2nd day of November, 2016, in Guam, JAYSON FRANCISCO SONG, did commit the offense of *First Degree Criminal Sexual Conduct*, when he did intentionally engage in sexual penetration with another, to wit: sexual intercourse with *G.A.M. (DOB: 08/08/1999)*, and the sexual penetration occurred under circumstances involving another felony, namely, *Delivery of a Schedule II Controlled Substance*, in violation of 9 GCA §§ 25.15(a)(3) and (b), and 9 GCA §§ 67.401.1(a)(1) and (b)(1).

### Count Two

On or about the 2nd day of November, 2016, in Guam, JAYSON FRANCISCO SONG, did commit the offense of *First Degree Criminal Sexual Conduct*, when he did intentionally engage in sexual penetration with another, to wit: fellatio with *G.A.M. (DOB: 08/08/1999)*, and the sexual penetration occurred under circumstances involving another felony, namely, *Delivery of a Schedule II Controlled Substance*, in violation of 9 GCA §§ 25.15(a)(3) and (b), and 9 GCA §§ 67.401.1(a)(1) and (b)(1).

### Count Three

On or about the 2nd day of November, 2016, in Guam, JAYSON FRANCISCO SONG, did commit the offense of *First Degree Criminal Sexual Conduct*, when he did intentionally engage in sexual penetration with another, to wit: cunnilingus with *G.A.M. (DOB: 08/08/1999)*, and the sexual penetration occurred under circumstances involving another felony, namely, *Delivery of a Schedule II Controlled Substance*, in violation of 9 GCA §§ 25.15(a)(3) and (b), and 9 GCA §§ 67.401.1(a)(1) and (b)(1).

### Count Four

On or about the 2nd day of November, 2016, in Guam, JAYSON FRANCISCO SONG, did commit the offense of First Degree Criminal Sexual Conduct, when he did intentionally engage in sexual penetration with another, to wit: by causing his finger to enter the primary genital opening of G.A.M. (DOB: 08/08/1999), and the sexual penetration occurred under circumstances involving another felony, namely, Delivery of a Schedule II Controlled Substance, in violation of 9 GCA §§ 25.15(a)(3) and (b), and 9 GCA §§ 67.401.1(a)(1) and (b)(1).

## SECOND CHARGE

On or about the 2nd day of November, 2016, in Guam, JAYSON FRANCISCO SONG, did commit the offense of Second Degree Criminal Sexual Conduct, when he did intentionally engage in sexual conduct with another, to wit: by touching the primary genital area of G.A.M. (DOB: 08/08/1999), and the sexual contact occurred under circumstances involving another felony, namely, Delivery of a Schedule II Controlled Substance, in violation of 9 GCA §§ 25.20(a)(3) and (b), and 9 GCA §§67.401.1(a)(1) and (b)(1).

(Superseding Indictment at 1-2, Jan. 26, 2017).

In his Motion to Dismiss, Defendant alleges that the Superseding Indictment fails to state what the controlled substance consisted of and how the delivery of the controlled substance was involved in the sexual conduct. *See* Mot. Dismiss at 5; Reply at 1-2. Although the above criminal sexual conduct charges do not identify a specific controlled substance, when looking at the Superseding Indictment as a whole, reference can be made to the Third Charge, Delivery of a Schedule II Controlled Substance, which specifies that Defendant allegedly delivered an "amphetamines-based substance."[1] *See Jones*, 2006 Guam 13 ¶ 12. Additionally,

---

[1] The Third Charge of the Superseding Indictment, Delivery of a Schedule II Controlled Substance (As a First Degree Felony) reads as follows:

the Court is inclined to agree with the Government that that the delivery of a controlled substance to a minor can be interpreted as an act to lower the inhibitions of or impair the judgment of the alleged victim prior to engaging in the sexual acts which occurred immediately after. Accordingly, the Court finds that the facts contained in the Superseding Indictment sufficiently put Defendant on notice for the criminal sexual conduct charges and will not dismiss them.

## II. The Government's Motion in Limine

The Government moves the Court to preclude Defendant from presenting a defense of consent at trial because it is inapplicable under Guam law. *See generally*, Mot. Limine, Jul. 10, 2017. Defendant opposes, arguing that the consent of a victim is a defense to a charge of criminal sexual conduct which occurs under circumstances involving the delivery of a controlled substance, citing *Guam v. Agualo*, 948 F.2d 1116 (9th Cir. 1991). (Opp'n at 1, Jul. 17, 2017). On July 17, 2017, Defendant filed a Notice of Defense and Witness, indicating that he intends to use the victim's consent as a defense to the charges of criminal sexual conduct and that Defendant will testify in support of this. (Notice, Jul. 17, 2017). Under Guam law, the defense of consent applies to factual scenarios where "such consent precludes the infliction the harm or evil sought to be prevented by the law defining the offense." 9 G.C.A. § 7.64(a).

---

### THIRD CHARGE

On or about the 2nd day of November, 2016, in Guam, JAYSON FRANCISCO SONG did commit the offense of *Delivery of a Schedule II Controlled Substance*, in that he intentionally or knowingly delivered a Schedule II Controlled Substance, that is, an amphetamines-based substance, in violation of 9 GCA § 67.401.1(a)(1) and (b)(1).

### SPECIAL ALLEGATION
#### Delivery of a Controlled Substance to a Minor
Defendant is a person of at least eighteen (18) years old and did distribute or deliver a non-narcotic Schedule II Controlled Substance, that is, an amphetamines-based substance, to a person under eighteen (18) years of age, in violation of 9 GCA § 67.407(b).

(Superseding Indictment at 3, Jan. 26, 2017).

---

The first issue before the Court is whether *Agualo* is binding precedent.[2] In *Agualo*, the Ninth Circuit held that the trial court did not err by failing to instruct the jury as to the defense of consent, finding that there was insufficient evidentiary basis for a consent instruction, and that non-consent was not an element of the crime of conviction. Agualo was convicted of first degree criminal sexual conduct under circumstances involving the commission of another felony. To determine if non-consent was an element of criminal sexual conduct, the Ninth Circuit looked to Michigan law which Guam's criminal sexual conduct statute was patterned after. *See Agualo*, 948 F.2d at 1118 ("Because the Guam statute is identical to the Michigan statute after which it is patterned, we view Michigan law to be persuasive in this circumstance.").

> Under Michigan law, consent of the victim is a defense to a charge of criminal sexual conduct during the commission of a felony. *See People v. Thompson*, 117 Mich.App. 552, 324 N.W.2d 22, 23 (1982); *see also People v. Hearn*, 100 Mich.App. 749, 300 N.W. 396, 398 (1980). However, because the legislature eliminated the "necessity of proof of nonconsent by the prosecution," *Hearn*, 300 N.W.2d at 398, failure to give a consent instruction is error only when evidence to support that theory of defense has been introduced, *see Thompson*, 324 N.W.2d at 23. As noted above, no such evidence was introduced at Agualo's trial. Therefore, the trial court did not err by failing to instruct the jury as to the defense of consent.

*Id.*

The Court does not find *Agualo* to be binding precedent on this Court at this time because there is sufficient reason to deviate from the *Agualo* decision. *See People v. Cummins*, 2010 Guam 19 ¶ 22 ("although we generally will not deviate from precedent of the Appellate Division if it was well established in law and well reasoned, we will deviate from such precedent when there is sufficient reason to do so."). The Michigan Court of Appeals has since clarified its decisions in *Thompson* and *Hearn*, which the *Agualo* court cites to. In *People v. Waltonen*, 728 N.W.2d 881 (Mich.App. 2006), the Michigan Court clarifies that:

---

[2] Agualo appealed to the Ninth Circuit for appellate review in 1991, prior to the establishment of the Supreme Court of Guam.

*People v. Song*
Case No. CF0710-16
Decision and Order

[T]he problem with *Thompson* as well as *Hearn*, two cases in which the prosecution did not proceed under any of the force or coercion provisions of [the Michigan CSC statute], is that they ultimately rely on *Khan*, in which force or coercion was the foundation for the CSC III charges. In the context of the CSC statutes, consent can be utilized as a defense to negate the elements of force or coercion. Also problematic in our view is that *Hearn* and *Thompson* rely on the proposition that a consent defense is implicit under the CSC statutes, which most certainly runs contrary to accepted principles of statutory construction. . . .

The plain and unambiguous statute of [the Michigan CSC statute] does not require proof of force or coercion and does not otherwise provide for the defense of consent. We agree . . . that the issue of consent relative to charges brought under [the Michigan CSC statute] can only arise in the context of the underlying felony because if a defendant successfully argues the existence of consent with respect to the underlying felony, assuming that consent is a legally recognizable defense, the prosecution cannot establish the second element of CSC I pursuant to [the statute]. Here, there is no dispute that the crime of delivery of a controlled substance is not subject to a consent defense; therefore, consent is not a defense to the particular CSC I charges on which defendant is being prosecuted. The problem with implying that a consent defense is viable under [the statute] with respect to sexual penetration, other than the fact that making such an implication runs afoul of principles of statutory construction, is that it results in a judicial modification of the statutory language. The language of [the statute] encompasses all acts of 'sexual penetration,' and ruling in favor of defendant's position would alter this clear language by carving out an exception for certain acts of sexual penetration, i.e., consensual sexual penetration. The statute does not provide that it applies to 'nonconsensual sexual penetration,' but rather it simply refers to 'sexual penetration.'

*Waltonen*, 728 N.W. at 887-88 (internal citations omitted).

In this case, Defendant is not charged with any criminal sexual conduct offenses containing force or coercion elements that must be proven, and the Court declines to adopt a generalized holding that consent of the victim is a defense to a charge of criminal sexual conduct during the commission of any felony. The Court adopts the Michigan Court of Appeal's holding in *Waltonen* that consent is not a defense to criminal sexual conduct occurring under circumstances involving another felony, specifically, Delivery of a Schedule II Controlled Substance.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss and GRANTS the Government's Motion in Limine.

A Further Proceedings is set for _February 27, 2018_ at 9:00 a.m.

**IT IS SO ORDERED** this 31st day of January, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

TRIPP / A

JAN 31 2018
Date:_____ Time: 730 pm

Deputy Clerk, Superior Court of Guam

*People v. Song*
Case No. CF0710-16
Decision and Order